# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GILCHRIST,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>    Defendant. | Case No. CV 12-9797 (JCG)<br><br>**MEMORANDUM OPINION AND ORDER** |

    Ralph Gilchrist ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected his credibility. (Joint Stip. at 4-11, 19-22.) The Court agrees with Plaintiff for the reasons discussed below.

    An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). An ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Neither can the Court affirm an ALJ's opinion "simply by isolating a specific quantum of supporting evidence." *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ."

Here, the ALJ provides two reasons in support of his credibility determination. The Court discusses, and rejects, each in turn.

    A.    <u>The ALJ Erred in Finding that the Medical Records Do Not Corroborate the Severity of Plaintiff's Complaints</u>

First, the ALJ found that "the medical records do not corroborate the severity of [Plaintiff's] complaints." (Administrative Record "AR" at 33.) In particular, "there was medical evidence of a limp in March 2010, but [] more recent treatment notes indicate that [Plaintiff] ambulates without difficulty and with a steady gait." (*Id.*) Notably, "there is no indication [Plaintiff] trips or needs a cane." (*Id.*)

The ALJ erred in finding that "recent treatment notes indicate that [Plaintiff] ambulates without difficulty and with a steady gait." (*Id.*) The ALJ highlights four "recent treatment records" in support of his conclusion. (*Id.* at 33, Joint Stip. at 14.) However, the records do *not* show what the ALJ claims. Indeed, the first record expressly states that Plaintiff "ambulates with a limp." (AR at 33.) The second record is not "more recent" than March 2010, as the ALJ purports. (*Id.* at 246.) Rather, it is from an emergency room visit on October 11, 2009. (*Id.*) The ALJ correctly notes that the box for "normal gait and station" is checked. (*Id.*) However, he ignores the handwritten notes immediately below discussing abnormalities. (*Id.*) Similarly, the ALJ ignores the handwritten notes discussing abnormalities in the

2

third record. (*Id.* at 316.) In the fourth record, the handwritten notes are partially illegible. (*Id.* at 393.) The Court can make out the words "ambulates" and "limp," but cannot decipher the word in between. (*See id.*) As such, it is unclear whether that record indicates that Plaintiff ambulates with or without a limp. Additionally, the ALJ ignores the greater weight of the medical evidence that indicates that Plaintiff *does* walk with a limp. (*See, e.g.*, *id.* at 145, 240, 248, 254, 377, 390, 399.)

The ALJ also erred in finding that there is "no indication [Plaintiff] trips or needs a cane." (*See id.* at 33.) On the contrary, the record shows evidence of both. A medical note from Martin Luther King Jr.'s urgent care clinic, dated October 9, 2010, shows that Plaintiff has a "tendency to fall." (*Id.* at 334.) Plaintiff testified that he obtained his cane for that very reason. (*Id.* At 34.) Plaintiff further testified that his doctor prescribed the cane in early 2009. (*Id*. at 59-60.) Plaintiff's examining physician, Dr. Adi Klein, corroborates his testimony. (*Id.* at 298.) In her April 12, 2010 evaluation, Dr. Klein wrote that Plaintiff "continued to walk with a cane which was prescribed to him." (*Id.*) She further noted that Plaintiff "requires [a] walking assistive device at all times." (*Id.* at 298-99.) Plaintiff's medical records neither contradict nor undermine his subjective complaints. Thus, as to this ground, the ALJ's credibility determination is inadequate.

B.   The ALJ Erred in Finding Inconsistencies in Plaintiff's Statements

Second, the ALJ found "inconsistencies in [Plaintiff's] statements thus rendering his allegations less than fully credible." (*Id.* at 34.) Specifically, the ALJ found that Plaintiff "testified that he has constant pain in his right leg [while] recent notes indicate that [he] did not report pain." (*Id.* at 33.)

Here, the ALJ erred in finding inconsistencies in Plaintiff's statements. The ALJ points to four records in support of his claim. (*Id.*) Yet again, the ALJ misconstrues the records. The ALJ focuses on the section of the emergency room intake forms that ask if the patient is in need of critical care. (*See, e.g.*, *id.* at 389.) There, an intake nurse marked "no pain." (*Id.*) However, each form also notes that

1  Plaintiff presented in the emergency room due to "chronic leg pain." (*See id.* at 33,
2  314, 316, 369, 389.) While there, the attending physician refilled Plaintiff's
3  prescription for pain medication. (*Id.* at 314, 316, 369, 389.) Presumably, each
4  doctor did so because he or she found Plaintiff's complaints to be credible. The ALJ
5  has not pointed out any inconsistent statements regarding Plaintiff's pain. As such,
6  the ALJ's credibility determination is also insufficient as to this ground.

7  Accordingly, for the reasons stated above, the Court determines that the ALJ
8  improperly discredited Plaintiff.

9      B.    <u>Remand is Warranted</u>

10  With error established, this Court has discretion to remand or reverse and
11  award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
12  useful purpose would be served by further proceedings, or where the record has been
13  fully developed, it is appropriate to exercise this discretion to direct an immediate
14  award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
15  But where there are outstanding issues that must be resolved before a determination
16  can be made, or it is not clear from the record that the ALJ would be required to find
17  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
18  *See id.* at 594.

19  Here, there are outstanding issues which must be resolved before a final
20  determination can be made. On remand, the ALJ shall reconsider Plaintiff's
21  subjective complaints and the resulting functional limitations. He shall either credit
22  Plaintiff's testimony or provide clear and convincing reasons, supported by
23  substantial evidence, for rejecting them.

24  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
25  **REVERSING** the decision of the Commissioner denying benefits and
26  **REMANDING** the matter for further administrative action consistent with this
27  decision.

28

4

Dated: October 29, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge